# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 18, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| MICHAEL WAKILEH, | * | |
| | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 21-1136V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.
Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 30, 2021, Michael Wakileh ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that he developed "a severe [central nervous system] demyelinating injury" following the administration of a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on April 25, 2018. Petition at Preamble (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On September 29, 2023, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney who worked on his case. Petitioner's Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), dated Sept. 29, 2023 (ECF No. 59). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $51,296.00
**Attorneys' Costs** – $12,645.01

Petitioner thus requests a total of $63,941.01. Respondent filed his response on October 13, 2023, stating that he "defers to the Special Master to determine whether or not [P]etitioner has made a met the legal standard for an interim fees and costs award." Respondent's Response to Pet. Mot. ("Resp. Response"), dated Oct. 13, 2023, at 2 (ECF No. 61).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$63,200.01** in attorneys' fees and costs.

I.  DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid, where counsel has filed a motion to withdraw, and where a new attorney has filed a consented motion to substitute counsel.

A.  Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the

special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

1. **Hourly Rates**

Here, Petitioner requests the following hourly rates for the attorneys and paralegals from his firm who worked on this matter:

**Andrew D. Downing – Attorney**
    2020-2021: $385.00
    2022: $415.00 or $445.00
    2023: $445.00

**Courtney Jorgenson (formerly Van Cott) – Attorney**
    2020-2021: $275.00
    2022: $325.00 or $345.00
    2023: $345.00

**Ann Allison – Attorney**
    2022-2023: $415.00

**Paralegals**
    2019-2021: $135.00
    2022: $135.00 or $155.00
    2023: $155.00

The undersigned finds that the requested rates from 2019 to 2021, Ms. Allison's rates for 2022, and the rates for 2023 are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Franceschi v. Sec'y of Health & Hum. Servs., No. 21-0468V, 2023 WL 4270835, at *2 (Fed. Cl. Spec. Mstr. May 30, 2023); Cowles v. Sec'y of Health & Hum. Servs., No. 16-1164V, 2023 WL 5786448, at *2 (Fed. Cl. Spec. Mstr. July 28, 2023); Coons v. Sec'y of Health & Hum. Servs., No. 20-1067V, 2022 WL 2294213, at *6-7 (Fed. Cl. Spec. Mstr. May 19, 2022); Hoover ex rel. L.H. v. Sec'y of Health & Hum. Servs., No. 20-1394V, 2021 WL 5575768, at *8-9 (Fed. Cl. Spec. Mstr. Nov. 1,

Case 1:21-vv-01136-UNJ   Document 70   Filed 01/12/24   Page 3 of 6

special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

1. **Hourly Rates**

Here, Petitioner requests the following hourly rates for the attorneys and paralegals from his firm who worked on this matter:

**Andrew D. Downing – Attorney**
- 2020-2021: $385.00
- 2022: $415.00 or $445.00
- 2023: $445.00

**Courtney Jorgenson (formerly Van Cott) – Attorney**
- 2020-2021: $275.00
- 2022: $325.00 or $345.00
- 2023: $345.00

**Ann Allison – Attorney**
- 2022-2023: $415.00

**Paralegals**
- 2019-2021: $135.00
- 2022: $135.00 or $155.00
- 2023: $155.00

The undersigned finds that the requested rates from 2019 to 2021, Ms. Allison's rates for 2022, and the rates for 2023 are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Franceschi v. Sec'y of Health & Hum. Servs., No. 21-0468V, 2023 WL 4270835, at *2 (Fed. Cl. Spec. Mstr. May 30, 2023); Cowles v. Sec'y of Health & Hum. Servs., No. 16-1164V, 2023 WL 5786448, at *2 (Fed. Cl. Spec. Mstr. July 28, 2023); Coons v. Sec'y of Health & Hum. Servs., No. 20-1067V, 2022 WL 2294213, at *6-7 (Fed. Cl. Spec. Mstr. May 19, 2022); Hoover ex rel. L.H. v. Sec'y of Health & Hum. Servs., No. 20-1394V, 2021 WL 5575768, at *8-9 (Fed. Cl. Spec. Mstr. Nov. 1,

2021); Tucker v. Sec'y of Health & Hum. Servs., No. 19-13V, 2020 WL 6777559, at *2 (Fed. Cl. Spec. Mstr. Oct. 30, 2020). The undersigned will therefore award those rates in full.

However, upon changing law firms in July 2022, Mr. Downing, Ms. Jorgenson, and the paralegals increased their rates for July 2022 through the remainder of 2022. Pet. Mot. at 12-14; Pet. Mot., Exhibit ("Ex.") A at 50-55. It is the undersigned's practice, and that of other Special Masters, to award one rate for a calendar year, with adjustments to the hourly rate made only in a succeeding year. See, e.g., Franceschi, 2023 WL 4270835, at *2 (explaining "it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances"); Pryor v. Sec'y of Health & Hum. Servs., No. 18-1288V, 2022 WL 17973236, at *4 (Fed. Cl. Spec. Mstr. Dec. 28, 2022). This rate increase from these attorneys and paralegals has consistently been rejected by this Court. See, e.g., Franceschi, 2023 WL 4270835, at *2; Cowles, 2023 WL 5786448, at *2; Rossiter v. Sec'y of Health & Hum. Servs., No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); Switzer v. Sec'y of Health & Hum. Servs., No. 18-1418V, 2023 WL 3580593, at *2 (Fed. Cl. Spec. Mstr. May 22, 2023).

Thus, the undersigned adjusts the rates as follows: Mr. Downing will be awarded $415.00 per hour for all work performed in 2022, Ms. Jorgenson will be awarded $325.00 per hour for all work performed in 2022, and the paralegals will be awarded $135.00 per hour for all work performed in 2022. These rates are consistent with what the undersigned has previously awarded and found reasonable for these attorneys and paralegals, and these rates are consistent with decisions from other special masters. See, e.g., Coons, 2022 WL 2294213, at *6-7 (awarding these rates for Mr. Downing, Ms. Jorgenson, and the paralegals); Franceschi, 2023 WL 4270835, at *2 (reducing the rates for Mr. Downing, Ms. Jorgenson, and the paralegals in 2022); Pryor, 2022 WL 17973236, at *4 (same); Vizcarra v. Sec'y of Health & Hum. Servs., No. 20-488V, 2023 WL 5935744, at *7-8 (Fed. Cl. Spec. Mstr. Aug. 18, 2023) (same). This results in a reduction of $241.00.[3]

2.   **Reduction of Billable Hours**

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. A small reduction, however, is necessary due to

---

[3] ($445.00 - $415.00 = $30.00 x 3.9 hours = $117.00) + ($345.00 - $325.00 = $20.00 x 0.3 hours = $6.00) + ($155.00 - $135.00 = $20.00 x 5.9 hours = $118.00) = $241.00.

paralegal time billed for non-compensable administrative tasks (e.g., filing documents)[4] and excessive paralegal billed for review of filings.[5]  These issues have previously been raised with these attorneys and paralegals before.  See Coons, 2022 WL 2294213, at *7; Hoover, 2021 WL 5575768, at *9; Sheridan v. Sec'y of Health & Hum. Servs., No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); Moran v. Sec'y of Health & Hum. Servs., No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019).  Therefore, the undersigned finds a reduction of $500.00 reasonable.

### B. Attorneys' Costs

#### 1. Expert Fees

Petitioner requests $10,500.00 in expert fees for work performed by Dr. William Conte.  Pet. Mot., Ex. A at 59, 65, 67, 87-90.  Dr. Conte billed 21 hours at a rate of $500.00 per hour.  Id. at 89-90.  Although an hourly rate of $500.00 is considered high in the Vaccine Program, the undersigned will allow that rate in this case based on the qualifications of Dr. Conte.  The undersigned notes that other special masters have determined this rate appropriate for other well qualified and specialized experts.  See, e.g., Coons, 2022 WL 2294213, at *7; Jaafar v. Sec'y of Health & Hum. Servs., No. 15-267V, 2019 WL 2265329, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 26, 2019); Simon v. Sec'y of Health & Hum. Servs., No. 05-941V, 2008 WL 623833, at *8-9 (Fed. Cl. Spec. Mstr. Feb. 21, 2008).

#### 2. Miscellaneous Costs

Petitioner also requests $2,145.01 for miscellaneous costs, including the filing fee, medical records, postage, and WestLaw charges.  Pet. Mot., Ex. A at 27-49, 59-64, 66, 75-86.  Petitioner has provided adequate documentation supporting these costs and the undersigned will award them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 51,296.00 |
| Reduction of Attorneys' Fees: | - ($ 741.00) |
| Awarded Attorneys' Fees: | $ 50,555.00 |

---

[4] See Pet. Mot., Exhibit ("Ex.") A at 16-23, 50-52, 55, 57-59 (billing entries for "file Petition," "file Notice of Filing," "file Motion for Extension of Time," "file Notice of Intent to Remain in the Program," "file Notice," "file PAR Medical History Questionnaire," "file Statement of Completion," and "file Motion").

[5] See, e.g., Pet. Mot., Ex. A at 16 (billing 0.4 hours for "Receive and review Court's ECF notification re: filed Petition; receive and review Court's Notice re: ECF Designation, Order Directing Appearance and Notice of Assignment to Special Master; brief memo to file re: same"); see also Pet. Mot., Ex. A at 16-23, 50-59.

| | |
|---|---|
| Requested Attorneys' Costs: | $ 12,645.01 |
| Reduction of Attorneys' Costs: | - ($ 0.00) |
| Awarded Attorneys' Costs: | $ 12,645.01 |
| **Total Attorneys' Fees and Costs:** | **$ 63,200.01** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $63,200.01, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Andrew Downing.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.