# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 11, 2026

| | | |
|---|---|---|
| MICHAEL WAKILEH, | * | UNPUBLISHED |
| Petitioner, | * | No. 21-1136V |
| v. | * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| Respondent. | * | |

Bradley S. Freedberg, Bradley S. Freedberg, P.C., Denver, CO, for Petitioner.
Traci Patton, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES[1]

On March 30, 2021, Michael Wakileh ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination administered on April 25, 2018, significantly aggravated his multiple sclerosis ("MS"). Second Amended ("Am.") Petition at Preamble (ECF No. 89); see also Petition (ECF No. 1); Am. Petition (ECF No. 88). On October 22, 2025, the undersigned issued a Decision dismissing the petition. Decision dated Oct. 22, 2025 (ECF No. 106).

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On January 24, 2026, Petitioner filed an application for attorneys' fees, followed by a supplemental application on February 3, 2026. Petitioner's Application for Award of Attorneys' Fees ("Pet. App."), filed Jan. 24, 2026 (ECF No. 114); Pet. Supplemental ("Supp.") App., filed Feb. 3, 2026 (ECF No. 115). Petitioner requests compensation in the amount of $55,477.25 for attorneys' fees. Pet. Supp. App. at 2. Respondent filed his response on February 9, 2026, stating he "defers to the Special Master to determine whether or not [P]etitioner has met the legal standard for an award of fees and costs." Respondent's Response to Pet. App., filed Feb. 9, 2026, at 2 (ECF No. 116). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Bradley Freedberg, $515.00 per hour for work performed in 2023, $540.00 per hour for work performed in 2024, $600.00 per hour for work performed in 2025, and $650.00 per hour for work performed in 2026; and for Mr. Gurney Pearsall, $315.00 per hour for work performed in 2023, $350.00 per hour for work performed in 2024, $415.00 per hour for work performed in 2025, and $500.00 per hour for work performed in 2026.

The undersigned finds the 2023 and 2024 rates consistent with what counsel have previously been awarded for their Vaccine Program work. However, reductions must be made to Mr. Freedberg's 2025 and 2026 rates and Mr. Pearsall's 2025 rate.[3] Mr. Freedberg has previously been awarded $580.00 per hour for work performed in 2025 ($20.00 less than requested here), and Mr. Pearsall has previously been awarded $390.00 per hour for work performed in 2025 ($25.00 less than requested here).[4] For 2026, the undersigned finds Mr. Freedberg's requested rate of $650.00 excessive. This would be an increase of $70.00 from 2025 to 2026, while in previous years, Mr. Freedberg's rate has increased by $35.00 to $40.00 per year. As such, the undersigned finds a rate of $620.00 per hour (an increase of $40.00 from his 2025 rate) for work performed in 2026 to be reasonable and appropriate. Given these changes, this results in a reduction of **$393.75**.[5]

---

[3] Mr. Pearsall did not bill anytime in 2026, and thus, the undersigned makes no finding as to the requested rate, though this appears to be excessive given Mr. Pearsall's previously awarded rates.

[4] Ben v. Sec'y of Health & Hum. Servs., No. 21-1315V, 2026 WL 1299184, at *2-3 (Fed. Cl. Spec. Mstr. Apr. 15, 2026).

[5] ($600.00 - $580.00) x 14.55 hours in 2025 = $291.00. ($415.00 - $390.00) x 3.15 hours in 2025 = $78.75. ($650.00 - $620.00) x 0.8 hours in 2026 = $24.00. $291.00 + $78.75 +$24.00 = $393.75.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. However, a further reduction of **$2,500.00**[6] is necessary for Mr. Freedberg's billing of filing documents on CM/ECF, a well-known non-compensable task,[7] as well as other excessive, non-compensable, and questionable billing entries.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

**Accordingly,**

**Petitioner is awarded attorneys' fees and costs in the total amount of $52,583.50, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[8]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[6] Counsel's billing entries including filing documents in 2023 (0.75 hours), 2024, 2025, and 2026 (approximately 0.8 hours). Some of these entries constitute block billing, making it impossible to discern exactly how much time was non-compensable. And other entries for electronic filing are on dates where no filing took place (e.g., on October 26, 2025, counsel billed twice for electronically filing documents when nothing was filed on the docket). Overall, there were 15 entries for filing documents. Excessive time was spent on some tasks that Mr. Freedberg billed at an attorney rate (e.g., "calendared the new deadlines" for 0.4 hours on July 2, 2024). And Mr. Freedberg billed 0.2 hours in October 2025 for review a "General Order" announcement, that was not specific to this case and not compensable. Given these issues, the undersigned finds a further reduction of $2,500.00 reasonable and appropriate.

[7] As mentioned in the interim attorneys' fees and costs decision in this matter, filing exhibits are considered administrative tasks. See, e.g., Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023). It is well known in the Vaccine Program that billing for some administrative tasks is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them.").

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.